**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PUTIANSHI LICHENGQU ZHENGCHANGPAI E-COMMERCE CO., LTD., <br><br> *Plaintiff,* <br><br> v. <br><br> SHUANGFENG COUNTY SHUANGWEI ELECTRONIC TECHNOLOGY CO., LTD., <br><br> *Defendant.* | Case No. 1:23-cv-2650 <br><br> Judge Hon. Jorge L. Alonso <br><br> JURY TRIAL DEMANDED |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER AND OTHER RELIEF

Plaintiff Putianshi Lichengqu Zengchangpai E-commerce Co., Ltd ("Plaintiff")

respectfully submits this Memorandum in Support of Plaintiff's Motion for entry of an *Ex Parte*

Temporary Restraining Order ("TRO"), including a temporary injunction ("TRO Motion").

## MEMORANDUM

### I. INTRODUCTION

Plaintiff is requesting temporary *ex parte* relief based on a design patent declaratory judgment action against Defendant Shuangfeng County Shuangwei Electronic Technology Co., Ltd. ("Defendant"). As alleged in the Complaint, Defendant has filed several Amazon Infringement Complaints against Plaintiff's tumbler products claiming infringement of U.S. Design Patent No. D959,896 ("D'896 Patent"), resulting in the delisting of Plaintiff's tumbler products. Plaintiff filed the Complaint, seeking a declaratory judgment of invalidity of the D'896 Patent and of non-infringement of the D'896 Patent by Plaintiff's tumbler products. Defendant's inequitable conduct continues to irreparably harm Plaintiff by delisting Plaintiff's tumbler products, effectively preventing Plaintiff from selling Plaintiff's tumbler products on their well-established ASINs. Defendant's ongoing inequitable conduct should be restrained to prevent further irreparable harm to Plaintiff. As such, Plaintiff respectfully requests that this Court issue an *ex parte* TRO.

### II. STATEMENT OF FACTS

#### A. Plaintiff's Tumbler Products

Plaintiff is a Chinese company specializing in the sale of various home goods, including water bottles and tumblers, to consumers in the United States via Amazon under the brand name HYDRAFUL. The HYDRAFUL brand is relatively new but has enjoyed commercial success on Amazon having a 100% positive rating. As such, Plaintiff has built substantial goodwill and associated reputation in the HYDRAFUL brand amongst consumers. *See* Exhibit A, Declaration of Guiqiang Chen ("Chen Decl.") at ¶ 3.

A significant portion of the HYDRAFUL branded goods sold on Amazon include tumblers that practice the prior art. Specifically,

Plaintiff's tumbler products, as identified by ASINs B0BWXYYDY6; B0BWXZFYLL; B0BWY1MX4P; B0BWYR2RGK; B0C1FZHTGL, have been available for purchase on Amazon since early this year. Ex. A, ¶ 5. Since then, the listings were successful and accounted for a overwhelming majority of the overall HYDRAFUL sales. *Id*. ¶ 6..

### B.      Defendant's Inequitable Conduct

Defendant is a Chinese company and current assignee of the D'896 Patent, which claims the ornamental design for a silicon sleeve bamboo lid. The D'896 Patent was filed on March 8, 2022 and issued August 9, 2022, more than four years after identical prior art products had been available for sale on Amazon.. Upon information and belief, Defendant owns and/or operates the Amazon storefront CDILOGO US through which Defendant sells tumbler products under the brand name ANOTION that embody the D'896 Patent. Upon information supplied to Amazon, Defendant is believed to have a principal place of business in China with an electronic mail address of 268225954@qq.com.

On or around April 12 and 13, 2023, Defendant filed several Amazon Infringement Complaints (Complaint IDs: 1246323471, and 12460229561) against Plaintiff's tumbler product listings. Therein, Defendant alleged that Plaintiff's tumbler products infringe the D'896 Patent. As a result, Plaintiff's listings were removed from Amazon, effectively preventing Plaintiff from further selling these products on Amazon and destroying all goodwill associated with the respective ASINs. Further, Plaintiff's associated inventory will be lost 60-days from the date of the Complaints. Ex. A., ¶ 7, 18-19. Plaintiff has appealed the delisting of the products using internal Amazon procedures to no avail. *Id*.

### III.    ARGUMENT

Absent the entry of a TRO, Defendant's inequitable conduct will continue to cause irreparable harm to Plaintiff. The Federal Rules of Civil Procedure provide that a Court may issue an *ex parte* TRO where immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition.  Fed. R. Civ. P. 65(b).  Here, the entry of a TRO is appropriate because it would immediately stop Defendant from continuing to benefit from the delisting of Plaintiff's tumbler products and would preserve the *status quo* until the respective rights of the Parties in regard to the claimed tumbler design is resolved.

### A.      The *Ex Parte* TRO Standard

Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if… specifics facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b).  Plaintiffs seeking an *ex parte* restraining order must also show: "(1) a likelihood that it will prevail on the merits of the lawsuit, (2) that it will suffer irreparable harm without injunctive relief, and (3) that there is no adequate remedy at law." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 47248, at \*4 (N.D. Ill. Mar. 27, 2013) (*citing Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). "If these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will suffer if the injunction is granted." *Deckers*, 2013 U.S. Dist. LEXIS 47248 at \*4 (*citing Incredible* Techs., 400 F.3d at 1011*))*; *see also Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998).  "Lastly, the court must consider the public interest (non-parties) in denying or granting the

injunction." *Decker*, 2013 U.S. Dist. LEXIS 47248 at \*4. "The court must apply a sliding scale approach in determining whether to issue a temporary restraining order - the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms needs to be to favor the plaintiff's position." *Decker*, 2013 U.S. Dist. LEXIS 47248 at \*4 (*citing TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

**B.      Plaintiff Meets the *Ex Parte* TRO Standard**

Herein, Plaintiff establishes: (1) a likelihood of success on the merits of the design patent invalidity declaratory judgment claim; (2) that it will suffer irreparable harm in the form of the continued delisting of Plaintiff's tumbler products from Amazon and the loss of goodwill and reputation associated with the HYDRAFUL brand without injunctive relief, and (3) that there is no adequate remedy at law. Further, the balance of harms and the public interest favor granting a TRO.

*i.      Plaintiff Will Likely Succeed on the Merits*

To succeed on the merits of the design patent invalidity declaratory judgment claim, Plaintiff must show that the D'896 Patent is invalid for failing to comply with at least one of the statutory conditions of patentability, such as novelty. For example, 35 U.S.C § 102 states in relevant parts: "A person shall be entitled to a patent unless — (1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention..."

Here, Plaintiff has shown that the numerous identical lid products are is anticipatory prior art and, therefore, invalidates the D'896 Patent for failing to comply with 35 U.S.C § 102, *i.e.*, the D'896 Patent is not novel. The D'896 Patent has an earliest effective filing date of March 8, 2022, while the prior art products have been made available to the public at the latest in or around October 2017, the

date of issuance. Therefore, the identical prior art products anticipates the D'896 Patent by more than four years.

| D'896 Patent – Filed March 8, 2022 | ETSY & Amazon.com (2020 & 2021) |
|---|---|
|  | |

FIG. 1

FIG. 2

FIG. 3

Ello Devon Glass Tumble
For sale since 2017, reviews from 2018
www.amazon.com/Ello-Devon-Glass-Tumbler-
Straw/dp/B06WRR6ZSJ/



Tronco 20oz Glass Tumbler
For sale since Oct 2017, reviews from 2020/2021
www.amazon.com/Tronco-Tumbler-Silicone-
Protective-Sleeve/dp/B07H3SNFQN

Furthermore, the claimed design of the D'896 Patent is identical to the prior art tumblers

having the same lids. The prior art disclose a lid with a substantially shape, with the exact same hole

placement and visual design. As such, each and every claimed design element of the D'896 Patent is

anticipated by the prior art Amazon listings. Therefore, the prior art Amazon listings invalidate the

D'896 Patent because the they publicly disclosed the identical lid design before the filing date of the

D'896 Patent.

Plaintiff has established that the D'896 Patent is invalid and demonstrated a likelihood of

success on the merits.

ii.      *There Is No Adequate Remedy at Law and Plaintiff Will Suffer Irreparable Harm in the Absence of a TRO*

In addition to significant quantifiable losses, Plaintiff is suffering largely unquantifiable imminent harm that will soon become irreparable if the Court does not grant the TRO Motion.

The "risk of loss of market share, loss of customers, and loss of access to potential customers" can constitute irreparable harm. *E-Link Tech. Co., Ltd. v. Shenzhen Uni-Sun Elecs. Co., Ltd.*, No. 20 CV 00247, 2020 U.S. Dist. LEXIS 122771, 2020 WL 8079816, at \*2 (N.D. Ill. May 14, 2020). Irreparable harm can result from the "complete loss" of an important customer relationship, *see Foodcomm, Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003), or where "a former insider lures customers away through a competing business," *Cumulus Radio Corp. v. Olson*, 80 F. Supp. 3d 900, 912 (C.D. Ill. 2015) (quotation and citation omitted). Irreparable harm is especially likely to stem from losses in a market environment where, once lost to a competitor, customers are difficult to win back. *Ill. Bell. Tel. Co. v. MCI Telecommc'ns Corp.*, No. 96 CV 2378, 1996 U.S. Dist. LEXIS 18337, 1996 WL 717466, at \*9 (N.D. Ill. Dec. 9, 1996); *OptionsCity Software*, 2015 U.S. Dist. LEXIS 80142, 2015 WL 3855622, at \*5. *See McDavid Knee Guard, Inc. v. Nike USA, Inc.*, 683 F. Supp. 2d 740, 749 (N.D. Ill. 2010).

Here, Defendant's inequitable conduct continues to irreparably harm Plaintiff by delisting Plaintiff's tumbler products, effectively causing an unquantifiable and significant loss of market share, loss of customers, and loss of access to potential customers. Ex. A, ¶ 9-16. Such delisting amounts to the complete loss of the important Amazon customer relationship for these well-established listings. *Id*. Such a relationship is carefully curated over time and difficult to recreate once lost. Furthermore, Plaintiff faces a loss of consumer goodwill associated with the respective

ASINs if they continued to be delisted, as a delisted ASIN rapidly falls in the Amazon rankings and results in fewer page views, if and once they are restored. *Id*. In the Amazon market environment, customers are extremely difficult to win back once lost to a competing listing, as it takes significant time to re-establish goodwill in a listing via the slow accumulation of quality reviews and a significant sales record. *Id*. Over time, a vicious feed-back loop is created: delisting leads to a lower ranking in product searches, which leads to fewer page views, which leads to fewer sales and quality reviews, which leads to a lower ranking in product searches, *etc*. These harms are magnified during the current holiday shopping season characterized by an increase in customer traffic, which is a prime opportunity to significantly boost the sales ranking. *Id*. Moreover, Plaintiff's ASINs face permanent delisting, which would cause Plaintiff to create new ASINs from scratch, effectively forcing Plaintiff to abandon all associated goodwill in the established ASINs and enter the highly-competitive Amazon market anew. *Id*. The extent of the harm to Plaintiff's reputation and associated goodwill in the Amazon marketplace and the possible diversion of customers due to a loss in ASIN/brand confidence via a loss in sales ranking, are both irreparable and incalculable, thus warranting an immediate halt to Defendant's inequitable conduct through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.,* 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law).

Similarly, the delisting of Plaintiff's tumbler products poses a significant risk to the operation of Plaintiff's business as a whole. Ex. A, ¶ 115-17. These products are Plaintiff's most lucrative and bestselling, accounting for a third of all sales on the storefront. *Id*. The sudden delisting has hurt the bottom line to a point where Plaintiff may be forced to shrink its current operation. *Id*. Plaintiff simply does not have the reserve assets to wait for fresh ASINs to establish

themselves with a high-level sales ranking, a process that can take years. *Id*. Even so, Defendant would just as easily delist any new ASINs created by Plaintiff. Further, Plaintiff faces removal and/or destruction of its delisted inventory, which would further dampen Plaintiff's increasingly bleak long-term financial outlook. *Id*.

Finally, Plaintiff has done everything within its power to quickly resolve this imminent and urgent problem. Ex. A, ¶ 18-19. Plaintiff's ASINs were first reported on or around April 12, 2023. *Id*. Plaintiff then immediately filed internal Amazon appeals. *Id*. After it became apparent that such bureaucratic appeals would bear no fruit, Plaintiff quickly turned to the Courts via the filing of this declaratory judgement action to remedy the problem. *Id*. Such haste on the part of Plaintiff underscores the considerable urgency and immediate irreparable harm Plaintiff will suffer if an *ex parte* Temporary Restraining Order is not issued.

### iii. The Balance of Harms and the Public Interest Favor Entry of a TRO

The Court is to consider the harm Defendant will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Plaintiff will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895.

The injunction sought by Plaintiff would prevent Defendant from submitting any further Amazon Infringement Complaints against Plaintiff's tumbler products and would require Defendant to effectively retract any current Amazon Infringement Complaints, so as to preserve the *status quo ante* until the respective rights of the Parties in regard to the claimed tumbler design is resolved. In comparison, if such relief is denied, Plaintiff will continue to suffer irreparable and unquantifiable loss of market share, loss of customers, and loss of access to potential customers. As such, the balance of harms weighs in favor of granting the TRO. Moreover, the public interest is served by allowing competition in the marketplace.

**IV.    THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE**

Here, this Court has subject matter jurisdiction over the declaratory judgment claims in this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the United States Patent Laws, 35 U.S.C. § 1 *et seq.* This Court may properly exercise personal jurisdiction over Defendant because Defendant has constitutionally sufficient contacts with this District so as to make personal jurisdiction over Defendant proper as Defendant has committed the acts complained of herein within this Judicial District. Further, venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391, as Defendant is a foreign entity.

Plaintiff requests a temporary injunction thereby enjoining Defendant from further submitting any Amazon Infringement Complaints against Plaintiff's tumbler products and requiring Defendant to effectively retract any current Amazon Infringement Complaints against Plaintiff's tumbler products. Such relief is necessary to stop the ongoing harm to Plaintiff, and to prevent Defendant from continuing to benefit from the delisting of Plaintiff's tumbler products.

**V.    CONCLUSION**

Plaintiff respectfully prays for the entry of an *ex parte* TRO, including a temporary injunction thereby enjoying Defendant from further making Amazon Infringement Complaints against Plaintiff's tumbler products.

DATED: May 8, 2023                 Respectfully submitted,

                        */s/ Hao Ni*
                        Hao Ni
                        Texas Bar No.: 24047205
                        Ni, Wang & Massand, PLLC
                        8140 Walnut Hill Lane, Suite 500
                        Dallas, TX 75231
                        972.331.4600
                        972.314.0900 (facsimile)
                        hni@nilawfirm.com
                        *COUNSEL FOR PLAINTIFF*