## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PUTIANSHI LICHENGQU ZHENGCHANGPAI E-COMMERCE CO., LTD., | ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 23 C 2650 |
| v. | ) ) | Judge Jorge Alonso |
| SHUANGFENG COUNTY SHUANGWEI ELECTRONIC TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Defendant. | ) | |

### ORDER

Plaintiff's ex parte motion [4] for temporary restraining order is denied. The Court sets a status hearing for June 14, 2023 at 9:30 a.m.

### STATEMENT

In this patent infringement case, plaintiff, Putianshi Lichengqu Zhengchangpai E-Commerce Co., Ltd., is seeking a declaratory judgment that a patent held by defendant, Shuangfeng County Shuangwei Electronic Technology Co., Ltd., is invalid, among other relief. Plaintiff moves ex parte for a temporary restraining order that would, among other things, bar defendant from asserting its patent rights against plaintiff by submitting infringement complaints to Amazon.com ("Amazon").

In support of its motion, plaintiff relates the following factual background. In March 2023, plaintiff began to sell tumblers via an Amazon e-store. In April 2023, defendant filed internal complaints with Amazon, alleging that plaintiff's tumblers infringed defendant's design patent, United States Design Patent No. D959,896, for "an ornamental design for a silicon sleeve bamboo lid." (Compl. ¶ 8.) Via the internal complaints, defendant asked Amazon to delist plaintiff's products, and Amazon complied. Plaintiff claims, however, that defendant's design patent is invalid because defendant applied for and was issued its patent in 2022, years after tumblers with lids matching the design that defendant patented had been offered for sale on Amazon by other third-party sellers. Plaintiff attaches screenshots from as early as 2017 that purportedly depict products that have the same design that defendant patented.

When considering a motion for temporary restraining order, the Court must employ the same test as a request for a preliminary injunction: the plaintiff has the burden

to show (1) a likelihood of success on the merits; (2) irreparable harm; and (3) that the balance of the equities and the public interest favors emergency relief. Fed. R. Civ. P. 65(b)(1)(A); *see Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 22 (2008). The Court then weighs these factors in what the Seventh Circuit has called a "sliding scale" approach. That is, "[t]he more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Valencia v. City of Springfield*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotation marks omitted).

*Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 907 (N.D. Ill. 2021); *see* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2951 (3d ed.).

Plaintiff argues that it is likely to succeed in demonstrating that defendant's design patent is invalid based on the screenshots it has submitted. A design patent must be "new," 35 U.S.C. § 171(a), and the "claimed invention" must not have been "in public use, on sale, or otherwise available to the public" before the inventor sought patent protection, 35 U.S.C. § 102(a)(1).[1] A design patent is "anticipated," that is, invalid because it does not disclose a new invention, if "'in the eye of an ordinary observer,'" the patented design is "'substantially the same'" as an earlier one, "such that 'the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1338 (Fed. Cir. 2019) (quoting *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871)); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240-41 (Fed. Cir. 2009) (explaining that the ordinary observer test "is the sole test for design patent invalidity under § 102," as well as the sole test for design patent infringement).

Based on the present record, the Court finds it difficult to evaluate plaintiff's likelihood of success. While the patented design certainly bears a striking resemblance to the prior-art products referenced in the screenshots, it is difficult to compare the screenshots to the drawings of the claimed design as shown in defendant's patent. "In order to find a prior art reference anticipatory, the Federal Circuit has stressed that a district court must compare the prior art design to each side of the claimed design as depicted in the drawings." *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, No. 2:21-CV-02843-AB-AFM, 2021 WL 2024858, at *4 (C.D. Cal. Apr. 20, 2021) (citing *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1326 (Fed. Cir. 2012)). Like utility patents, design patents are presumptively valid. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1328 (Fed. Cir. 2015) (citing 34 U.S.C. § 282). The Court does not have views of the alleged prior art references from all the angles depicted in the drawings of the claimed design. *See Medcursor*, 2021 WL 2024858, at *4 (citing *Apple*, 678 F.3d at 1326). At this early stage, without the benefit of any evidence or argument from defendant, the Court can hardly make any confident prediction about whether plaintiff is "more likely than not" to be able to overcome the statutory

---

[1] Section 102 applies to design patents as well as utility patents. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1238 (Fed. Cir. 2009)

presumption "and prove at trial, by clear and convincing evidence, that the patent is invalid." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379-80 (Fed. Cir. 2009).

Further, the Court is not convinced that plaintiff faces irreparable harm such that the balance of the equities favors injunctive relief. Preliminary injunctive relief is meant to be an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 7. Plaintiff only recently began selling its tumblers on Amazon, in March 2023. (Compl. ¶ 13.) Defendant filed its internal Amazon infringement complaints shortly after, on April 10, 2023. This does not appear to be a case in which plaintiff has built up goodwill over years of sales activity that will be difficult to replicate. Federal courts may issue ex parte temporary restraining orders only where necessary to "serv[e] their underlying purpose of preserving a status quo and preventing irreparable harm just so long as is necessary to hold a hearing," *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974), but the temporary restraining order sought here would come closer to upsetting the status quo than maintaining it. *See NYKO Techs. Inc v. Energizer Holdings Inc*, No. CV1203001GAFVBKX, 2012 WL 12882885, at *1-2 (C.D. Cal. June 1, 2012). And "the mere loss of sales and revenue is compensable in damages and cannot, without more, constitute irreparable harm." *Id.*

On top of all this, even if the Court were to balance the factors differently and conclude that plaintiff is entitled to a temporary restraining order in some form, it does not follow that the precise form of relief that plaintiff seeks is appropriate and available. Plaintiff asks the Court to bar defendant from submitting further infringement complaints to Amazon. But "'federal law requires a showing of bad faith' before a patentee can be enjoined from communicating his patent rights," and a "showing of 'bad faith' must be supported by a finding that the claims asserted were objectively baseless" and "no reasonable litigant could realistically expect success on the merits." *Myco Indus., Inc. v. BlephEx, LLC*, 955 F.3d 1, 10 (Fed. Cir. 2020) (quoting *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1373 (Fed. Cir. 2007)). Because the Court cannot conclude at this early stage that plaintiff is likely to prevail in demonstrating that defendant's patent is invalid, it cannot conclude that defendant's assertions of its patent rights are objectively baseless, and therefore an order restricting defendant's assertion of patent rights would be inappropriate. *See GP Indus.*, 500 F.3d at 1375.

For all these reasons, the Court concludes that the temporary restraining order that plaintiff requests is not appropriate at this time. Summons has issued, and plaintiff should proceed with service. The Court sets a status hearing for June 14, 2023, at 9:30 a.m.

3

**SO ORDERED.**                    **ENTERED: May 10, 2023**

**JORGE L. ALONSO**
**United States District Judge**